UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL BALLARD, KAP CA, LLC as Trustee,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>CHASE BANK USA, NA, *et al.*,<br><br>　　　　　　Defendants. | Civil No. 10cv790 L(POR)<br><br>**ORDER GRANTING MOTION TO DISMISS [doc. #4] and GRANTING LEAVE TO AMEND** |

　　　　Defendants Chase Bank USA, N.A. and Chase Home Finance LLC move to dismiss the first amended complaint ("FAC") in its entirety. The motion has been fully briefed.[1] For the reasons set forth below, the motion to dismiss the FAC will be granted and plaintiffs will be given leave to amend the complaint.

**1.　　Legal Standard**

　　　　A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Federal Rule of Civil Procedure 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." FED. R. CIV. P. 8(a). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds

---

[1] Attached to plaintiffs' opposition to defendants' motion is a proposed second amended complaint. Because plaintiffs have not moved to filed their proposed SAC, the Court will consider defendants' motion to dismiss the FAC only.

of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks, brackets and citations omitted).

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).  Legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint for additional facts, *e.g.,* facts presented in plaintiff's memorandum in opposition to a defendant's motion to dismiss or other submissions.  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Parrino v. FHP, Inc.,* 146 F.3d 699, 705-06 (9th Cir. 1998); *see also* 2 MOORE'S FEDERAL PRACTICE, § 12.34[2] (Matthew Bender 3d ed.) ("The court may not . . . take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a).").

**2.    Background**

Plaintiffs Manuel Ballard ("Ballard"), and KAP CA, LLC, the titleholder of the property at issue, brought this action on September 21, 2009, in the  Superior Court for the State of California, County of San Diego.  Defendants removed the action on April 15, 2010, on the basis of federal question jurisdiction.   The FAC alleges causes of action for wrongful foreclosure, cancellation of trust deeds, quiet title, violation of California Civil Code § 2943, violation of California Business and Professions Code § 17200, breach of fiduciary duty, fraud in the inducement, and declaratory relief.

As set forth in the FAC, plaintiff Ballard entered into two loan transactions on April 27,

2007, which were secured by the deed of trust on the property.  Plaintiff failed to make payments under the terms of the note and as a result of his defaults, foreclosure was initiated, and on May 12, 2009, a Notice of Default and Election to Sell Under the Deed of Trust was recorded.  A notice of Trustee's Sale was recorded on August 17, 2009.   Plaintiff Ballard, the borrower, conveyed title to the property to KAP CA, LLC under a Grant Deed that was recorded on July 21, 2009, and on August 7, 2009, tendered a short sale offer to $65,000 to defendant Chase Home Finance, the loan servicer.  The short sale offer was denied.  The foreclosure sale of the property occurred on April 7, 2010.

        3.     **Wrongful Foreclosure**, **Cancellation of Trust Deeds**, **Quiet Title**

Defendants contend plaintiffs must tender the outstanding amount of debt in order to bring their first, second, and third causes of action for wrongful foreclosure, cancellation of the Trust Deeds, and quiet title, which challenge the foreclosure of the property.  These causes of action are based on plaintiffs' contention that the notes and mortgages were split when the notes were assigned, leaving the debt unsecured.

Tender is required to maintain all three of these causes of action under California law. *Anaya v. Advisors Lending Group*, 2009 WL 2424037, *10 (E.D. Cal. Aug.3, 2009) ("Plaintiff offers nothing to indicate that she is able to tender her debt to warrant disruption of non-judicial foreclosure"); *Alicea v. GE Money Bank*, 2009 WL 2136969, at *3 (N.D. Cal. July 16, 2009) ("When a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt to maintain any cause of action for foreclosure."); *Montoya v. Countrywide* Bank, 2009 WL 1813973, at * 11-12 (N.D. Cal. June 25, 2009) ("Under California law, the 'tender rule' requires that as a precondition to challenging a foreclosure sale, or any cause of action implicitly integrated to the sale, the borrower must make a valid and viable tender of payment of the debt").  "It is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured." *Shimpones v. Stickney*, 219 Cal. 637, 649, 28 P.2d 673 (1934).

Plaintiffs contend, however, they have satisfied the tender requirement by tendering the reasonable value of the property, *i.e.,* the alleged short sale offer plaintiffs made, which

1 defendants declined to accept.  This argument is without merit.  *See United States Cold Storage*
2 *v. Great Western Savings & Loan Ass'n*, 165 Cal. App.3d 1223 (1985) (explaining "the law is
3 long-established that a trustor or his successor must tender the obligation in full as a prerequisite
4 to challenge of the foreclosure sale.") (emphasis in original); *American Mortg. Network, Inc. v.*
5 *Shelton*, 486 F.3d 815, 822 (4th Cir.2007) (holding "[t]he trial court properly denied rescission,
6 given the appellants' inability to tender payment of the loan amount").  Because plaintiffs have
7 not alleged or demonstrated that they have tendered or are capable of tendering the debt owed,
8 the Court will dismiss without prejudice,  plaintiffs' claims for wrongful foreclosure,
9 cancellation of the trustee's deeds, and quiet title.

**4.    Violation of California Business and Profession Code § 17200**

Section 17200 prohibits "any unlawful, unfair or fraudulent business act or practice." CAL. BUS. & PROF. CODE § 17200.  Because Section 17200 is written in the disjunctive, it prohibits three separate types of unfair competition: (1) unlawful acts or practices, (2) unfair acts or practices, and (3) fraudulent acts or practices. *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 83 Cal. Rptr.2d 548, 561 (Cal. 1999).  By proscribing "unlawful" acts or practices, "Section 17200 'borrows' violations of other laws and treats them as unlawful practices independently actionable." *Id.* at 539-40.

Plaintiffs' fourth cause of action for violation of California Business and Professions Code § 17200 is brought against the loan servicer, Chase Home Finance, LLC; the fifth cause of action for violation of California Business and Professions Code § 172000 is brought against the lender, Chase Bank, USA, N.A.

**a.    Section 17200 Claim Against the Servicer, Chase Home Finance, LLC**

**1.    California Civil Code § 2923.6**

Plaintiffs' FAC makes reference to purported violations of California Civil Code § 2923.6 as the borrowed violation of law for § 17200 purposes.   Defendants argue that § 2923.6 does not create a private right of action for borrowers. The Court agrees.  Civil Code § 2923.6 provides:

> (a) The Legislature finds and declares that any duty servicers may have to maximize net present value under their pooling and servicing agreements is owed to all parties in a loan pool, not to any particular parties, and that a servicer acts in the best interests of all parties if it agrees to or implements a loan modification or

> workout plan for which both of the following apply: (1) The loan is in payment default, or payment default is reasonably foreseeable. (2) Anticipated recovery under the loan modification or workout plan exceeds the anticipated recovery through foreclosure on a net present value basis. (b) It is the intent of the Legislature that the mortgagee, beneficiary, or authorized agent offer the borrower a loan modification or workout plan if such a modification or plan is consistent with its contractual or other authority.

The permissive language of this provision does not provide a private cause of action. *See Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp.2d 1177, 1188 (N.D. Cal. 2009) ("The Court finds that the wording in Section (b) does not impose any duty on either defendant. Since Defendants do not owe Plaintiff a statutory duty under this section, Plaintiff has no cause of action."). Accordingly, because there is no private cause of action under Cal. Civil Code § 2923.6 and it cannot form the "borrowed claim" for a § 17200 claim, the Court will dismiss this claim with prejudice against defendant Chase Home Financial.

### 2.   RESPA

RESPA requires "any servicer of a federally related mortgage loan" to respond in writing within a specified period to a QWR "from the borrower (or an agent of the borrower) for information relating to the servicing of such loan. . . ." 12 U.S.C. § 2605(e) (1)(A). RESPA defines a QWR as follows:

> [A] qualified written request shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that-
> (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and
> (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C. § 2605(e)(1)(B).

Plaintiff has not provided details of the letter he states he sent to defendant Chase Home Finance and the FAC fails to provide factual allegations demonstrating that the QWR included information that would enable defendant to identify the borrower's name and account, as well as a statement of the reasons the borrower believed the account was in error.

Further, under section 2605(f)(1), plaintiff must, at a minimum, allege the "actual damages" he suffered as a result of defendant's failure to respond to his QWR. *See Sanchez v. Bear Stearns Residential Mortgage Corp.*, 2010 U.S. Dist. LEXIS 46043 *11-12 (S.D. Cal.)

(citing *Garcia v. Wachovia Mortgage Corp.*, 676 F. Supp.2d 895, 909 (C.D. Cal. 2009)); *Garibay v. American Home Mortgage Corp.*, 2010 U.S. Dist. LEXIS 29071 *6-9 (S.D. Cal.).  In the present complaint there are no allegations that plaintiff suffered "actual damages ... as a result of [Chase Home Finance's] failure" to respond to his QWR.  12 U.S.C. § 2605(f)(1)(A).  Nor are there factual allegations suggesting a "a pattern or practice of noncompliance" with RESPA.  12 U.S.C. § 2605(f)(1)(B).  Without factual allegations of actual damages or a pattern or practice of noncompliance, plaintiff cannot state a claim under RESPA that is sufficient to support a § 17200 claim.  *See Garcia v. Wachovia Mortgage Corp.*, 676 F. Supp.2d 895, 909-10 (C.D. Cal. 2009).

### 3.    California Civil Code § 2943

In the FAC, plaintiffs allege they properly tendered a Demand Letter to Chase Home Finance but it has not responded to the request.

Under California Civil Code § 2943(b)(1), a debtor may ask the beneficiary or its authorized agent to provide "a true, correct, and complete copy of the note or other evidence of indebtedness ... and a beneficiary statement." CAL. CIV. CODE § 2943(b)(1).  Depending upon the circumstances, § 2943 provides specific time limits for when a claim for accounting can be made.  Section 2943(c) provides that, "if the loan is subject to recorded notice of default or a filed complaint commencing a judicial foreclosure, the beneficiary shall have no obligation to prepare and deliver this statement unless the written demand is received prior to the first publication of a notice of sale or the notice of the first date of sale established by a court." CAL. CIV. CODE § 2943(c) (2009).  Here, plaintiffs have not alleged a date for when they made their alleged request and, thus, the Court is unable to determine whether there has been timely compliance with the California statute.

In general, plaintiffs' allegations concerning their demand letter are too conclusory under *Twombly* and *Iqbal* to state a claim.  Therefore, their § 2943 allegations do not support their § 17200 claim.

### b. Section 17200 Claim Against the Lender, Chase Bank, USA, N.A.

Plaintiffs contend that defendant Chase Bank engaged in an "unlawful" business practice in violation of Section 17200 by extending the loan to him without acquiring any proof of plaintiff's income or conducting an adequate due diligence inquiry to determine if he could pay the loan back. A financial institution, however, owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its role as a mere money lender. *Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal. App.3d 1089, 1096, 283 Cal.Rptr. 53 (1991). Without factual allegations that show defendant stands in the place of plaintiffs' agent, there is no violation alleged and dismissal is appropriate.

Moreover, the FAC similarly fails to state a claim under the "unfair" prong of Section 17200. "The term 'unfair . . . business act or practice' . . . mean[s] deceptive conduct that injures consumers and competitors." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal.4th 163, 195-96 (1999). The FAC fails to allege facts sufficiently demonstrating that defendant engaged in deceptive conduct that caused plaintiff injury. The allegations in the FAC are generally conclusory in nature and insufficient as they stand.

To the extent that plaintiff's Section 17200 claim is predicated on the "fraudulent" prong of the statute, it fails to state a claim for relief as well. Allegations of fraudulent conduct under Section 17200 must satisfy the heightened pleading requirements of Rule 9(b). *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-05 (9th Cir. 2003). Rule 9(b) demands that averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id.* at 1106. Plaintiff must set forth what is false or misleading about a statement, and why it is false. Id.

Plaintiff Ballard did not plead with the requisite particularity the specific misrepresentations that are attributable to Chase Bank and which individuals made them. Plaintiff's § 17200 claim fails to satisfy the heightened pleading requirements of Rule 9(b) to state a cognizable claim based on the "fraudulent" prong of the statute.

### 1. RESPA

In the FAC, plaintiffs states that Chase Bank, the lender, "failed to provide certain

RESPA Disclosures and within timelines required by 12 U.S.C.A. §2604." (FAC at 30.)  There is no indication whatsoever in the FAC of what disclosures, required by RESPA, were not made. Under *Twombly,* plaintiffs are obligated to provide enough factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  The absence of factual allegations concerning RESPA directed toward Chase Bank makes dismissal of the § 17200 claim necessary.

### 2. Civil Code Section 1632

California Civil Code § 1632, the Foreign Language Contract Act ("FLCA"), provides in relevant part:

> (b) Any person engaged in a trade or business who negotiates primarily in Spanish, Chinese, Tagalog, Vietnamese, or Korean, orally or in writing, in the course of entering into any of the following, shall deliver to the other party to the contract or agreement and prior to the execution thereof, a translation of the contract or agreement in the language in which the contract or agreement was negotiated, which includes a translation of every term and condition in that contract or agreement:
> (1) A contract or agreement subject to the provisions of Title 2 (commencing with Section 1801) of, and Chapter 2b (commencing with Section 2981) and Chapter 2d (commencing with Section 2985.7) of Title 14 of, Part 4 of Division 3.
> (2) A loan or extension of credit secured other than by real property, or unsecured, for use primarily for personal, family or household purposes.
> (3) A lease, sublease, rental contract or agreement, or other term of tenancy contract or agreement, for a period of longer than one month, covering a dwelling, an apartment, or mobilehome, or other dwelling unit normally occupied as a residence.
> (4) Notwithstanding paragraph (2), a loan or extension of credit for use primarily for personal, family or household purposes where the loan or extension of credit is subject to the provisions of Article 7 (commencing with Section 10240) of Chapter 3 of Part 1 of Division 4 of the Business and Professions Code, or Division 7 (commencing with Section 18000), or Division 9 (commencing with Section 22000) of the Financial Code.

CAL. CIV. CODE § 1632(b). The statute was enacted "to increase consumer information and protections for the state's sizeable and growing Spanish-speaking population." CAL. CIV. CODE § 1632(a)(1).

Section 1632 does not generally require delivery of Spanish language documents where a loan is secured by real property; however, §1632(b)(4) contains an exception, which requires a Spanish translation if the "loan or extension of credit is for use primarily for personal, family, or household purposes where the loan or extension of credit is subject to the provisions of Article 7

..." Cal. Civ.Code § 1632(b)(4). Article 7, in turn, applies to certain loans secured by real property, which are negotiated by a real estate broker. *See* CAL. BUS. & PROF.CODE § 10240. To take advantage of Section 1621(b)(4)'s exception, a plaintiff must allege that a defendant either acted as the real estate broker or had a principal-agent relationship with the broker who negotiated the loan. *Patacsil v. Wilshire Credit Corp.*, 2010 WL 500466, *8 (E.D. Cal.2010); *Castaneda v. Saxon Mortg. Services, Inc.*, 687 F. Supp.2d. 1191, 2009 WL 4640673, *7 (E.D. Cal. 2009); *Ortiz v. Accredited Home Lenders, Inc.*, 639 F. Supp.2d 1159, 1166 (S.D. Cal. 2009); *Delino v. Platinum Cmty. Bank*, 628 F. Supp.2d 1226, 1234 (S.D. Cal. 2009); *Alvara v. Aurora Loan Serv., Inc.*, 2009 WL 1689640, *3 (N.D. Cal. 2009). "More clearly, California law requiring translation of a contract or agreement for a loan or extension of credit for use primarily for personal, family or household purposes only applies to real estate brokers, rather than to lenders and subsequent services." *Patacsil*, 2010 WL 500466 at *8.

Plaintiffs do not allege that defendant Chase Bank was a real estate broker, and therefore, cannot be liable for disclosure violations at the time of loan origination. The FAC does not allege sufficient facts showing that the loans at issue fall within the exception stated in Section 1632(b)(4). Accordingly, Section 1632 cannot be the "borrowed claim" under § 17200 and it will be dismissed.

### 5. Breach of Fiduciary Duty

"In order to plead a cause of action for breach of fiduciary duty, there must be shown the existence of a fiduciary relationship, its breach, and damage proximately caused by that breach. The absence of any one of these elements is fatal to the cause of action." *Pierce v. Lyman*, 1 Cal. App. 4th 1093 (1991). "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Savings & Loan Ass'n*, 231 Cal. App.3d 1089, 1096 (1991). Plaintiffs have not alleged facts suggesting either defendant stepped beyond the traditional role of a money lender or servicer, and therefore, they have not sufficiently pleaded a claim for breach of fiduciary duty. Plaintiffs' claim for breach of fiduciary duty will be dismissed.

### 6.     **Fraud in the Inducement**

Plaintiff Ballard alleges that defendant engaged in fraudulent activities to induce plaintiff into executing the loan agreements.  Defendant argues this claim must be dismissed because plaintiff failed to plead fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure.  Rule 9(b) requires that "circumstances constituting fraud or mistake . . . be stated with particularity."  FED. R. CIV. P. 9(b).  A plaintiff asserting fraud must allege facts supporting the following elements: (1) a misrepresentation, (2) knowledge of falsity (or scienter), (3) intent to defraud, *i.e.*, to induce reliance, (4) justifiable reliance, and (5) resulting damage.  *In re Estate of Young*, 160 Cal. App.4th 62, 79 (2008) (quoting *Lazar v. Superior Court*, 12 Cal.4th 631, 638, (1996)).   In order to satisfy Rule 9(b)'s particularity requirement, a plaintiff must state "the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation."  *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1393 (9th Cir. 1988).  When a plaintiff alleges fraud against multiple defendants, he or she "must provide each and every defendant with enough information to enable them 'to know what misrepresentations are attributable to them and what fraudulent conduct they are charged with.'"  *Pegasus Holdings v. Veterinary Centers of America, Inc.*, 38 F. Supp.2d 1158, 1163 (C.D. Cal. 1998) (quoting *In re Worlds of Wonder Sec. Litig.*, 694 F. Supp. 1427, 1433 (N.D. Cal. 1998)).  "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud."  *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (internal quotations omitted).

Plaintiffs' FAC falls far short of providing the allegations necessary for stating a fraud claim. Merely stating that defendants failed to disclose material terms of the loans to plaintiffs is insufficient.  (FAC at 35.)  Accordingly, plaintiffs' fraud in the inducement claim will be dismissed.

### 7.     **Declaratory Relief**

Plaintiffs seek declaratory relief pursuant to 28 U.S.C. § 2201.  Under 28 U.S.C. § 2201,

"any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." Declaratory relief, however, may be unnecessary where an adequate remedy exists under some other cause of action. *See Mangindin v. Wash. Mut. Bank*, 637 F. Supp.2d 700, 707 (N.D. Cal.2009). A claim for declaratory relief "rises or falls with [the] other claims." *See Surf & Sand, LLC v. City of Capitola*, 2008 WL 2225684, at *2 n. 5 (N.D. Cal. May 28, 2008). Here, plaintiffs' request for declaratory relief is redundant in the face of the other causes of action, and it does not appear to be useful in clarifying the legal relations between the parties. Because plaintiffs have not alleged any causes of action that would support declaratory relief, the Court will dismiss this claim.

### 7. Conclusion

Plaintiffs' FAC will be dismissed in its entirety; however, they will be granted leave to file a second amended complaint as to all claims except plaintiffs' § 17200 claim based on California Civil Code § 2923.6 which is dismissed with prejudice. Because plaintiffs' proposed SAC attached to their opposition to defendants' motion to dismiss does not address the deficiencies noted in this Order with respect to the FAC, plaintiffs shall not file their proposed pleading as their SAC.

Counsel is reminded that "Rule 11 authorizes a court to impose a sanction on any attorney, law firm, or party that brings a claim for an improper purpose or without support in law or evidence." *Sneller v. City of Bainbridge Island*, 606 F.3d 636, 638-39 (9th Cir. 2010). Under Rule 11, "the attorney has a duty prior to filing a complaint not only to conduct a reasonable factual investigation, but also to perform adequate legal research that confirms whether the theoretical underpinnings of the complaint are warranted by existing law or a good faith argument for an extension, modification or reversal of existing law. One of the fundamental purposes of Rule 11 is to reduce frivolous claims, defenses or motions and to deter costly meritless maneuvers, thereby avoiding delay and unnecessary expense in litigation."
*Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (quotation and citations omitted).

///

Based on the foregoing, **IT IS HEREBY ORDERED**:

1. Defendants' motion to dismiss is **GRANTED** without prejudice as to all claims except plaintiffs' § 17200 claim based on California Civil Code § 2923.6 which is dismissed with prejudice; and

2. **GRANTING** plaintiffs leave to file a second amended complaint. If plaintiffs intend to file a SAC, they shall do so no later than December 23, 2010.

**IT IS SO ORDERED.**

DATED: December 9, 2010

M. James Lorenz
United States District Court Judge

COPY TO:

HON. LOUISA S. PORTER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL